## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

---

Abdi Hassan Abdille,                                                    Case No.

                  Plaintiff,

v.

Mohamed Sugow Muhumed and
Vanner, Inc.,

                  Defendants.

---

## COMPLAINT

---

**COMES now** the Plaintiff, Abdi Hassan Abdille, for his causes of action against Defendant Mohamed Sugow Muhumed and Defendant Vanner, Inc., for damages and for cause of action would state and allege as follows:

<u>Jurisdiction & Facts</u>

1.        That Plaintiff Abdi Hassan Abdille (hereinafter "Plaintiff") is a resident of Hennepin County, Minnesota with his place of residence at 11013 Anderson Lakes Parkway, Apartment 301E, Eden Prairie, Minnesota 55344.

2.        That Plaintiff at all times relevant hereto, was acting within the course and scope of his employment and/or agency operating and/or riding as a passenger in an over-the-road commercial truck lawfully operating in Riverside County, California.

3.        Upon information and belief, Defendant Mohamed Sugow Muhumed (hereinafter "Defendant Driver") is a Weld County, Colorado resident with his place of

residence at 2451 Ash Avenue, Apartment 115, Greeley, Colorado 80631, was operating

a commercial motor vehicle owned by Defendant Vanner, Inc., within the course and

scope of his employment and/or agency.

4.      Upon information and belief, Defendant Driver at all times relevant hereto,

was an over-the-road commercial truck driver lawfully operating in Riverside County,

California.

5.      Upon information and belief, Defendant Driver was operating an over-the-

road commercial truck owned by Defendant Vanner, Inc. within the course and scope of

his employment and/or agency.

6.      Upon information and belief, Defendant Vanner, Inc. is a valid Illinois

incorporation company. Vanner, Inc.'s principal place of business is located at 691

Station Boulevard, Aurora, Illinois 60304. Defendant Vanner, Inc.'s listed registered

agent for service of process is identified as its principal place of business.

7.      Upon information and belief, Defendant Vanner Inc., was the owner of an

over-the-road commercial truck. Plaintiff alleges that Defendant Vanner, Inc. has another

place of business that is located at 1802 North Division Street, Suite 304, Morris, Illinois

60450 with the listed registered agent for service of process is identified as #1 A+

AGENTS OF PROCESS INC, 9611 Aspen Hill Circle, Lone Tree, Colorado 80124, but

if it is later discovered that this principal place of business is incorrect, Plaintiff will

amend this Complaint to reflect Defendant Vanner Inc.'s true principal place of business.

### Jurisdiction and Venue

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and the Defendants.

9.      This Court has personal jurisdiction pursuant to Minnesota Statute § 543.19 because Plaintiff, a resident of Hennepin County, Minnesota, while within the course and scope of his employment with Defendant Vanner, Inc. suffered severe bodily injuries that was the result of Defendant Driver, negligently operating a commercial motor vehicle traveling too fast as he was approaching a left turn on the roadway, causing a collision.

10.      Exercising personal jurisdiction over the Defendants comports with due process because Defendant Vanner, Inc. purposefully directed activities toward Minnesota by employing an operator of a commercial motor vehicle within Minnesota, and Plaintiff's claims arise directly from those activities.

11.      Venue is proper in Hennepin County, Minnesota, under 28 U.S. Code § 1391 because the cause of action arose when Plaintiff, a resident of Hennepin County, Minnesota was injured in the scope of his employment with Defendant Vanner, Inc..

### Facts

12.      On or about September 27, 2024, Plaintiff was asleep in the sleeper cab of the commercial truck and woke as the commercial truck operated by Defendant Driver and owned by Defendant Vanner, Inc. began to go off the roadway and roll over.

13.      Upon information and belief, Defendant Driver, while operating an over-the-road commercial truck owned by Defendant Vanner, Inc., was traveling too fast as he

was approaching a left turn. The trailer of the commercial truck began to roll over as his

vehicle came off the roadway and rested on its right side.

14.    Upon information and belief, at all times relevant, Defendant Driver was

acting within the course and scope of his employment and/or agency with Defendant

Vanner, Inc.

<u>Count I</u>

(Negligence, Negligence Per Se (Against Defendant Driver)

15.    Plaintiff realleges and incorporates here in paragraphs 1 through 14.

16.    Defendant Driver owed a duty of care to the Plaintiff to operate the

commercial motor vehicle in a reasonable and prudent manner, and to exercise a

reasonable degree of caution and care under the circumstances then and there existing.

17.    Defendant Driver breached the duty of care by driving the cab/trailer of his

commercial truck too fast causing the trailer of the commercial truck to go off the road

and roll over to its right-side causing damage to both the vehicle and Plaintiff personally.

18.    Plaintiff allege that the foresaid occurrence was directly caused by the

proximate negligence of Defendant Driver, and that Defendant Driver is guilty in the

operation of the cab/trailer commercial truck of the following specific acts of negligence:

A. Defendant Driver failed to maintain a proper lookout;

B. Defendant Driver failed to devote full time and attention to the operation of

the commercial motor vehicle;

C. Defendant Driver failed to use the degree of care and caution required under the existing circumstances and conditions for the safety of other vehicles;

D. Defendant Driver failed to use the degree of care and caution in the operation of a commercial motor vehicle as is required of a reasonable prudent commercial driver;

E. Defendant Driver failed to keep the vehicle he was operating under due and proper control at all times;

F. Defendant Driver failed to use reasonable care to avoid a collision;

Plaintiff alleges that the aforesaid acts of common law and statutory negligence constitutes the sole proximate cause of the occurrence described hereinbefore and of the injuries and losses suffered as a result thereof.

19.    Plaintiff alleges that as a result of the violent collision of the commercial vehicle, Plaintiff suffered severe and serious injuries to his neck, back and left shoulder.

## Count II

### Vicarious Liability (Against Defendant Vanner, Inc.)

20.    Plaintiff realleges and incorporates herein paragraphs 1 through 19.

21.    At all times relevant, Defendant Driver was acting within the course and scope of his employment and/or agency with Defendant Vanner, Inc..

22.    The Defendant Vanner, Inc. is vicariously liable for the acts or omissions of Defendant Driver, including negligence, negligence *per se*, willful and wanton misconduct, gross negligence, and/or reckless misconduct as described herein, under the

doctrine of *respondeat superior*, pursuant to Minn. Stat. § 169.09, subd. 5a and Restatement (Second) of Agency § 213, § 220, and § 229. See *Nelson v. Nelson*, 166 N.W.2d 70, 73 (Minn. 1969); *Boland v. Morrill*, 132 N.W.2d 711 (Minn. 1965).

Count III

Negligent Hiring, Training, and Supervision (Against Defendant Vanner, Inc.)

23.  Plaintiff realleges and incorporates herein paragraphs 1 through 22.

24.  Defendant Vanner, Inc. owed a duty to hire competent drivers and to properly train and supervise them in the safe operation of commercial motor vehicles.

25.  Additionally, or in the alternative, the physical pain and suffering, mental suffering, permanent injury, disfigurement, loss of enjoyment of life, medical expenses, loss of wages, loss of earning capacity, and other damages and expenses sustained by the Plaintiff, resulted from one or more of the following acts of negligence of Defendant Vanner, Inc., to wit:

 A.  Hiring and/or contracting with Defendant Driver to drive the commercial vehicle;

 B.  Training of Defendant Driver;

 C.  Retention of Defendant Driver;

 D.  Failing to supervise Defendant Driver;

 E.  Failing to maintain the commercial motor vehicle;

 F.  Entrusting Defendant Driver with the commercial motor vehicle;

 G.  Failing to conduct proper background checks of Defendant Driver; and

H. Failing to equip the commercial motor vehicle with safety equipment that, if properly used, would have prevented this collision.

26.     As a direct and proximate result of Defendant Vanner Inc.'s negligence, Plaintiff suffered the injuries and damages described herein.

<u>Damages</u>

27.     Plaintiff avers that as a direct and proximate result of the negligence of Defendants, Plaintiff has been caused to expend sums of money for the medical care and treatment of his injuries, and in the future will be required to expend sums of money for medical treatment of his injuries. Plaintiff has incurred expenses which meet federal jurisdictional threshold requirements under 28 U.S.C. § 1332(a)(2).

28.     That Plaintiff has been caused to endure great pain and suffering as a result of the negligence of Defendants.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with his costs and disbursements herein.

Respectfully submitted this 26 day of January, 2026.

Jeremy L. Brantingham, MN#0299558
Brantingham Law Office, P.A.
2200 East Franklin Avenue, Suite 202
Minneapolis, MN 55404
(612) 339-9700
jlb@brantinghamlaw.com

*Attorney for Plaintiff*